**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carlos RODRIGUEZ, Defendant–**
**Appellant.**

**No. 12–11353**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 11, 2013.

Peggy Morris Ronca, Karen L. Gable, Robert E. O'Neill, U.S. Attorney's Office, Tampa, FL, for Plaintiff–Appellee.

Maria Guzman, Rosemary Cakmis, Donna Lee Elm, Federal Public Defender's Office, Orlando, FL, for Defendant–Appellant.

Before CARNES, BARKETT and BLACK, Circuit Judges.

PER CURIAM:

Carlos Rodriguez appeals his 97–month sentence, imposed at the low end of the applicable guideline range, after pleading guilty to one count of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(2). On appeal, Rodriguez argues his sentence is unreasonable because it is based on the fundamentally flawed U.S.S.G. § 2G2.2 guideline.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). We first ensure the sentence was procedurally reasonable. *Gall,* 128 S.Ct. at 597. Once we determine a sentence is procedurally sound, we examine whether the sentence was substantively unreasonable in light of the totality of the circumstances and 18 U.S.C. § 3553(a) factors. *Id.* "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Tome,* 611 F.3d 1371, 1378 (11th Cir.2010).

Rodriguez has challenged his sentence as procedurally and substantively unreasonable because the district court relied on U.S.S.G. § 2G2.2. We have rejected the argument that § 2G2.2 is flawed. *See United States v. Wayerski,* 624 F.3d 1342, 1354 (11th Cir.2010); *United States v. Irey,* 612 F.3d 1160, 1212 n. 32 (11th Cir. 2010) (*en banc*); *United States v. Pugh,* 515 F.3d 1179, 1201 n. 15 (11th Cir.2008). Thus, Rodriguez's argument that the child pornography guidelines are inherently flawed is unavailing as it is foreclosed by prior precedent. *United States v. Kaley,* 579 F.3d 1246, 1255 (11th Cir.2009). Moreover, Rodriguez's sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances. *Gall,* 128 S.Ct. at 597. Because Rodriguez has not met his burden of showing an abuse of discretion, we affirm his sentence as reasonable.

**AFFIRMED.**